STATE OF RHODE ISAND

NEWPORT, SS SUPERIOR COURT

| | | |
|---|---|---|
| BILLY "BRADDY" ROMERO RICALDE<br>Plaintiff,<br>vs.<br>JESSIE KENDALL<br>Defendant | : | Case No.: NC2006-504 |

06 NOV 24 PM 12:21
NEWPORT ... COURT
JANE M. ... CLERK

## ANSWER AND COUNTERCLAIM

Defendant answers the Complaint in this matter as follows:

1. This paragraph contains allegations of law to which no response is required. To the extent this paragraph makes allegations of fact, they are denied.

2. Defendant admits that Plaintiff is an adult who lives in Peru. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

3. Admitted.

## FACTS

4. Defendant restates and incorporates its responses to paragraphs 1-3 as though set forth in full.

5. Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and leaves Plaintiff to his proof.

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

6. Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and leaves Plaintiff to his proof.

7. In response to the allegations contained in this paragraph, Defendant states that upon information and belief, Plaintiff exhibited artwork at the Inter-American Development Bank. Defendant denies the remaining allegations contained in this paragraph.

8. Defendant is without sufficient information to admit or deny the number of paintings in the exhibit and whether they were transported to IDB.

9. This paragraph makes no allegations against Defendant who has no obligation to admit or deny them. To the extent that Defendant has an obligation to respond, she is without sufficient information to admit or deny the allegations contained in the paragraph.

10. In response to the allegation contained in this paragraph, Defendant states that she has no recollection of the email referred to in the paragraph, but if that such an email exists, it is self-explanatory. Except as so admitted, denied.

11. Denied.

12. Denied.

13. Denied.

14. In response to the allegations contained in this paragraph, Defendant states that there is a writing dated September 26, 2003 and that writing is self-explanatory.

15. In response to the allegations contained in this paragraph, Defendant states that there is a writing dated September 26, 2003 and that writing is self-explanatory.

16. Denied.

**True Copy Attest**

Jane M. Anthony

**Office of Clerk of Superior Court**
**County of Newport**
**Newport, Rhode Island**

17. In response to the allegations contained in this paragraph, Defendant states that there is a writing dated September 26, 2003 and that writing is self-explanatory.

18. Denied.

19. In response to the allegations contained in this paragraph, Defendant states that she knew certain artwork was in Washington DC. Except as so admitted, denied.

20. In response to the allegations contained in this paragraph, Defendant states that upon information and belief, Plaintiff had financial constraints. Except as so admitted, denied.

21. In response to the allegations contained in this paragraph, Defendant admits that she sent Plaintiff $2000.00 in October 2003 pursuant to a written agreement. Except as so admitted, denied.

22. Admitted, upon information and belief.

23. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

24. Denied.

25. In response to the allegations contained in this paragraph, Defendant states that while she was in Mexico on vacation she attempted to find a gallery that would be interested in Plaintiff's work. Defendant further states that she made similar efforts in New York. She failed in these attempts. Defendant does not recall a November 2003 correspondence but if one it exists, it will be self-explanatory. Except as so admitted, denied.

26. Denied.

27. Denied.

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

28. Denied.

29. In response to the allegations contained in this paragraph, Defendant states that Plaintiff's paintings were shipped to her at Defendant's expense. Except as so admitted, denied.

30. Defendant admits she made no payments to Corso. To the extent that the allegations contained in this paragraph suggest that Defendant had an obligation to make a payment to Plaintiff, those allegations are denied.

31. In response to this interrogatory, Defendant admits that the paintings shipped to her included those she agreed to accept pursuant to the September 26, 2003 and related writings. Defendant denies that those paintings were as represented. Except as so admitted, denied.

32. In response to the allegations contained in this paragraph, Defendant states that she does not recall the May 2004 email, but that if it exists, it is self-explanatory.

33. In response to the allegations contained in this paragraph, Defendant states that she does not recall the June 2004 email, but that if it exists, it is self-explanatory.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

COUNT I

42. Defendant repeats and reincorporates her answers to paragraphs 1-41 as though set forth in full.

43. In response to the allegation contained in this paragraph, Defendant states that it raises a question of law to which no response is required.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. In response to the allegations contained in this paragraph, Defendant states that it raises issues of law to which no response is required. To the extent it raises issues of fact, they are denied.

50. In response to the allegation contained in this paragraph, Defendant states the statute is self-explanatory.

51. Denied.

52. Denied.

COUNT II – CONVERSION

53. Defendant repeats and incorporates her answers to paragraphs 1-52 as though set forth in full.

54. Denied.

55. Denied.

True Copy Attest

56. In response to the allegations contained in this paragraph, Defendant states

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

that there have been no exhibitions or sales of Plaintiff's artwork. Except as so admitted, denied.

57. In response to the allegations contained in this paragraph, Defendant states that she does not recall an email of that date, but if it exists, it is self-explanatory.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

COUNT III – BREACH OF ORAL CONTRACT

68. Defendant repeats and incorporates her responses to paragraphs 1-67 as though set forth in full.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. In response to the allegations contained in this paragraph, Defendant states

True Copy Attest

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

that she has not sold or exhibited Plaintiff's artwork. Defendant denies that she had any obligation to sell or exhibit such artwork.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

COUNT IV – BREACH OF TRUST

81. Defendant repeats and incorporates her answers to paragraphs 1-80 as though set forth in full.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his own breach of contract.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of set-off.

**True Copy Attest**

Jane M. Anthony

**Office of Clerk of Superior Court**
**County of Newport**
**Newport, Rhode Island**

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own inequitable conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

WHEREFORE, Defendant requests that the complaint be dismissed with prejudice and that she be awarded her costs, including fees.

## COUNTERCLAIM

1. Plaintiff in counterclaim, Jessie Kendall, is a resident of Newport, Rhode Island.

2. Defendant in counterclaim, Billy Braddy Romero Ricalde, is a resident of Cusco, Peru.

3. In September, 2003, Kendall and Ricalde entered in an agreement pursuant to which Kendall agreed to purchase paintings with a value of $5000 from Ricalde.

4. In October, 2003, Kendall and Ricalde entered into a subsequent agreement pursuant to which Kendall agreed to purchase paintings with a value of $2000 from Ricalde. After reviewing photographs of the paintings and upon discussion with Ricalde, Kendall selected paintings for purchase.

5. In 2003, Ricalde stored his paintings in Washington, DC.

6. In 2004, the owners of the location at which the paintings were stored refused to store them any longer. The owners threatened Ricalde that if he did not move his paintings, they would be discarded.

7. In March 2004, intending only to protect her investment referred to above,

True Copy Attest

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

Kendall, at her own expense, transported the paintings to Newport, Rhode Island.

8. From March 2004 to the present, Kendall has stored the paintings at her expense.

9. When she received the paintings, Kendall saw that they were of a quality less than what was depicted and represented and that they were not worth the money she provided Ricalde in 2003.

COUNT I – QUANTUM MERUIT

10. Kendall repeats in incorporates paragraphs 1-9 of the Counterclaim as though set forth in full.

11. Kendall transported and stored the paintings at her own expense, and she is entitled to the value of the storage and transportation.

COUNT II – MISREPRESENTATION

12. Kendall repeats and incorporates paragraphs 1-11 as though set forth in full.

13. Kendall entered into the September and October 2003 agreements based on the representation of Ricalde that he had artwork worth $7000.00.

14. In fact, the artwork's value was substantially less than what was represented by Ricalde, and to the extent it had any value at all, the poor materials and framing used by him rendered the artwork worthless.

15. Ricalde made statements to Kendall about his artwork on which he intended Kendall to rely and on which she reasonably relied, to her detriment.

16. Ricalde is liable to Kendall for his misrepresentation.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

WHEREFORE, Plaintiff in Counterclaim, Jessie Kendall requests that the court award her the following relief:

1. Rescission of the September and October 2003 agreements
2. Damages
3. Interests, costs, fees, and
4. Such other relief as the court considers just.

Defendants
By Their Attorney

Kevin M. Brill (#3084)
211 Angell Street
Providence, RI 02906
401-578-1787

November 24 2006

**CERTIFICATION**

Counsel certifies that he sent by first class mail a copy of this pleading to counsel for Plaintiff.

**True Copy Attest**

Jane M. Anthony

**Office of Clerk of Superior Court**
**County of Newport**
Rhode Island