UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BILLY "BRADDY" ROMERO RICALDE, )<br>)<br>)<br>*Plaintiff*, )<br>vs. )<br>)<br>JESSIE KENDALL, )<br>*Defendant*. ) | C.A. No 06 520T<br>*(R.I. Superior Court*<br>*C.A.* No. NC06-504) |

----------------------------------------------------

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. §1447(c)

**RELEVANT PROCEDURAL HISTORY**

Plaintiff Braddy Romero, a Peruvian citizen and artist, filed suit against Defendant, Jessie Kendall, a Rhode Island resident, in the Newport County Superior Court on or about October 16, 2006. This Complaint alleges four causes of action arising under Rhode Island state law: Breach of Rhode Island Stat. 5-62-7, Conversion, Breach of Oral Contract, and Breach of Trust. The substance of the Complaint is that Defendant is wrongfully holding 40 or more pieces of Plaintiff's artwork hostage because of a dispute arising from her prior purchase of several of Plaintiff's paintings and an agreement to promote and sell other pieces in return for a share of the sale price. None of Plaintiff's causes of action arise under the U.S. Constitution, federal laws, or treaties.

On November 29, 2006, Defendant filed a Petition for Removal with this Court. In her Petition, Defendant asserts this Court has original jurisdiction of this cause under 28 U.S.C. §1331 and may be removed to this Court pursuant to 28 U.S.C. §1441(a)-(d).

## ARGUMENT

As a general matter, a civil action is removable if a plaintiff could have originally brought the action in federal court. *See* 28 U.S.C. §1441(a). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. Thus, a federal court must deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Here, Defendant has not met her burden of proof in demonstrating that this Court has jurisdiction. In fact, as will be more fully demonstrated below, Defendant has petitioned this court for removal without an objectively reasonable basis for doing so.

### I. THIS COURT DOES NOT HAVE ORIGINAL JURISDICTION OVER THIS ACTION UNDER 28 U.S.C. §1331

In her Petition for Removal, Defendant specifically cites 28 U.S.C. §1331 as the basis for this court's exercise of original jurisdiction. According to that provision, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant provides no further allegation regarding which specific provision of the "Constitution, laws or treaties of the United States" justifies the jurisdiction of the federal court.

From the face of Plaintiff's Complaint, it is evident that there are no issues of federal law raised. Plaintiff, an artist, is suing under state law to secure the release of about 40 pieces of his artwork that Defendant is unlawfully holding hostage in an alleged

contract dispute. This is a matter that will be resolved solely by application of state statutory and common law. Thus, Defendant wrongfully asserts that the Court has original jurisdiction over these causes of action under 28 U.S.C. §1331.

**II. 28 U.S.C. §1441(b) PROHIBITS THE REMOVAL OF A STATE CAUSE OF ACTION WHERE DEFENDANT RESIDES IN THE STATE IN WHICH SUCH ACTION IS BROUGHT**

Section 1441(b) allows a defendant to remove a cause of action to federal court based on diversity of citizenship. However, it specifies that where a civil action is not one in which the federal court has original jurisdiction, the action "shall be removable only if none of the parties in interest . . . is a citizen of the state in which such action is brought."

In this case, Plaintiff has asserted and Defendant has admitted that she is a resident of Newport, Rhode Island. *See* Defendant's Answer No. 3. Because Plaintiff's lawsuit was brought in Rhode Island and Defendant is a resident and citizen of that state, application of §1441(b) prevents the removal of this action to federal district court. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996), *see generally*, Wright, Miller & Cooper, Federal Practice & Proc., §3733 (West 1998).

**III. DEFENDANT WAIVED RIGHT TO REMOVE TO FEDERAL COURT BY ASSERTING COUNTERCLAIMS**

There is legal precedent for the position that when a defendant asserts a counterclaim in state court, defendant has affirmatively shown her intent to litigate in state court. This affirmative act has been held to constitute a waiver of the right to remove to federal court. Here, defendant has shown her intent to litigate the action in state court by assertion of counterclaims. Therefore, even in the unlikely event that this

Court finds grounds for a legitimate removal to federal court, Plaintiff argues that Defendant has waived her right to remove the action by filing counterclaims along with her answer in Rhode Island Superior Court. *See Texas Wool & Mohair Marketing Ass'n v. Standard Accident Ins. Co.*, 175 F.3d 835 (5th Cir. 1949); *Fate v. Buckeye St. Mut. Ins.*, 174 F. Supp.2d 876, 881 (N.D. Ind. 2001).

**IV. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND OTHER COSTS OF OPPOSING DEFENDANT'S REMOVAL PETITION**

Pursuant to §1447(c), where a district court grants a motion to remand a case back to state court, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Here, Defendant petitioned this Court for removal asserting that Plaintiff's action, filed in Rhode Island Superior Court, was "one of which this Court has original jurisdiction, pursuant to the provisions of 28 U.S.C. §1331, and is one which may be removed to this Court by the defendant, pursuant to the provisions of 28 U.S.C. §1441(a)-(d). *See* Petition for Removal, filed November 29, 2006, Par. 3.

As discussed previously, original jurisdiction of Plaintiff's cause cannot be asserted under Section 1331 of the U.S. Code because it does not implicate federal law, and §1441(a)-(d) does not justify federal court removal because Defendant resides in Rhode Island. The proscription against federal court removal where defendant is a resident of the forum state is expressed clearly and without ambiguity in §1441(b).

In the recent case of *Martin v. Franklin Capital Corp*, 126 S. Ct. 704, 546 U.S. ____ (2005), the Supreme Court underscored the negative impact on the judicial process of a defendant's abuse of the removal mechanism. It remarked that the "process of

removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." The Court further emphasized that "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." In balancing the need to deter unwarranted removals with the need to afford defendants a right to remove as a general matter, the Court determined that the "reasonableness" of removal was the touchstone when deciding whether to award attorney's fees. According to the Court, where a defendant lacks "an objectively reasonable basis for seeking removal," attorney fees are warranted. *See* 126 S. Ct. at 711.

Defendant here lacks an objectively reasonable basis for seeking removal. Both statutes relied upon by Defendant as support for the Petition for Removal are clear on their face and leave no doubt that they cannot reasonably support this Petition. This court has no original jurisdiction of Plaintiff's action under 28 U.S.C. §1331. Nor is this case removable under 28 U.S.C. §1441 because Defendant is a citizen of Rhode Island. Granting Plaintiff attorney's fees and the just costs of defending this Removal Petition is well within the Court's discretion under Sec 1447(c) and would properly compensate Plaintiff for the time and resources expended in remedying Defendant's improper removal.

Respectfully submitted,

Braddy Romero
by his attorney
LAW OFFICES OF MARTIN I.FLAX
_/s/Martin I. Flax_______
Martin I. Flax, Esq. (#5486)
4 Kings Court
Dedham, MA 02026
Phone: (781) 329-4850
Fax: (781) 329-1880)
E-Mail: Flaxlaw@comcast.net

CERTIFICATION OF SERVICE

I hereby certify that this document was filed electronically and is available for viewing and downloading from the ECF system. I also caused to be served by U.S. mail the foregoing document on the following attorney since he is not currently listed as an ECF participant:

Kevin M Brill, Esq.
211 Angell St.
Providence, R.I. 02906-2563.
:
Dated: December 13, 2006

_/s/ Martin I. Flax
Martin I. Flax