UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BILLY "Braddy" ROMERO RICALDE,

*Plaintiff,*

vs. C.A. No. 06-520 T

JESSIE KENDALL,

*Defendant.*

**OPPOSITION TO MOTION TO REMAND**

Defendant, Jessie Kendall, opposes Plaintiff's motion to remand. As grounds, Defendant states that there is complete diversity of the parties and on the face of the complaint, jurisdiction lies in this court.

In further support, Defendant relies on the attached memorandum of law.

Defendant,
By her attorney,

*/s/ Kevin Brill*

Kevin M. Brill, Esq. (#3084)
211 Angell Street
Providence, RI 02906
Phone: (401) 578-1787
Fax: (401) 272-9937
Email: kbrillesq@hotmail.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court and is available for viewing and downloading from the ECF system. Notice will be sent via other means to (if same is missing from NEF):

Martin I. Flax, Esq.
flaxlaw@comcast.net

*/s/ Kevin Brill*

____________________________________

Kevin Brill

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BILLY "Braddy" ROMERO RICALDE, *Plaintiff,* vs. JESSIE KENDALL, *Defendant.* | C.A. No. 06-520 T |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HER OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, Jessie Kendall submits the following memorandum in support of her opposition to Plaintiff's remand motion:

**I. ARGUMENT**

The basis of this removal is diversity. The Complaint, notes that the Plaintiff and Defendant are not from the same state. Plaintiff does not dispute that diversity jurisdiction lies. The civil action cover sheet underscores the diversity basis.

Defendant does admit that in a typographical error, reference was made to Section 1331, rather than 1332. That was clearly in error. It was not, and is not, Defendant's intention to proceed under the original jurisdiction statute. It clearly was Defendant's intention to proceed on the basis of diversity.

The notice of removal is not the operative document.

The allegations of the complaint existing at the time of **removal** control whether the plaintiffs' allegations are sufficient to establish federal question subject matter jurisdiction.

*Pullman Co. v. Jenkins,* 305 U.S. 534, 537-538, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Crosby v. Paul Hardeman, Inc.,* 414 F.2d 1, 3 (8th Cir. 1969).

Since there is no doubt that diversity jurisdiction exists, and that there was a typographical error in the removal papers, the motion to remand must be denied.

## II. CONCLUSION

The motion to remand must be denied.

Defendant,
By her attorney,

*/s/ Kevin Brill*

Kevin M. Brill, Esq. (#3084)
211 Angell Street
Providence, RI 02906
Phone: (401) 578-1787
Fax: (401) 272-9937
Email: kbrillesq@hotmail.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court and is available for viewing and downloading from the ECF system. Notice will be sent via other means to (if same is missing from NEF):

Martin I. Flax, Esq.
flaxlaw@comcast.net

*/s/ Kevin Brill*

Kevin Brill