UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BILLY "BRADDY" ROMERO RICALDE, )<br>)<br>)<br>*Plaintiff*, )<br>vs. )<br>)<br>JESSIE KENDALL, )<br>*Defendant*. ) | C.A. No 06 520T<br>*(R.I. Superior Court*<br>*C.A.* No. NC06-504) |

------------------------------------------------------

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff, Braddy Romero, by and through his attorney, Martin I. Flax, hereby replies to Defendant's Opposition to Plaintiff's Motion to Remand, and states the following:

**Procedural Background**

Plaintiff filed a civil action against Defendant Jessie Kendall in the Newport County Superior Court entitled, *Billy Braddy Romero Ricalde v. Jessie Kendall*, C.A. No. NC06-0504. Defendant subsequently filed a Notice and Petition for Removal with this Court on November 29, 2006, asserting that this Court had jurisdiction of the claim based on 28 U.S.C. §1331 and 28 U.S.C. §1441.

After Plaintiff filed a Motion to Remand to State Court and For Attorney Fees, in which it was pointed out that 28 U.S.C. §1331 did not apply to this action, Defendant moved to amend the Notice and Petition for Removal. Defendant now claims that the citation of 28 U.S.C. §1331 was a typographical error and should have been cited as 28 U.S.C. §1332, which pertains to federal jurisdiction based on diversity of citizenship.

Defendant has also filed an Opposition to Plaintiff's Motion to Remand, asserting that this Court has federal jurisdiction based on diversity of citizenship.

**Summary of Argument**

Even if this Court ultimately grants Defendant's requested amendment of the Petition for Removal to include a citation to 28 U.S.C. §1332, the amended Petition must fail because the jurisdictional requirements of §1332 have not been properly pleaded nor do they exist. More important, the law precludes Defendant from removing this case to federal court.

Defendant's Amended Petition for Removal is improperly pleaded because it does not allege both diversity of citizenship and that the amount in controversy is in excess of $75,000. Both elements are necessary for federal diversity jurisdiction to exist under 28 U.S.C. §1332. From the face of Plaintiff's Complaint, it is clear that the alleged damages do not exceed $75,000, as required for this Court to take proper federal diversity jurisdiction.

Additionally, despite Defendant's attempt to rectify a "typographical" error, the Petition for Removal must ultimately be denied because of the application of 28 U.S.C. §1441(b), which allows removal of a civil action from state court to federal court "only if none of the parties in interest . . . . is a citizen of the state in which such action is brought." Both parties agree that Defendant is a resident of Rhode Island and Plaintiff brought suit in Rhode Island. Therefore, Defendant is prohibited by law from removing the action to federal court.

Furthermore, Plaintiff is concretely prejudiced by allowing a futile amendment to the Petition for Removal. Plaintiff is prejudiced both in terms of time and money lost in continuing to contest an obvious misapprehension of the law.

**I. Defendant has not properly alleged federal diversity jurisdiction under 28 U.S.C. §1332**

It is well-settled that the removing party bears the burden of establishing the facts necessary to show federal jurisdiction exists. Removal statutes must be strictly construed, resolving all doubts in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

Defendant has not properly asserted federal diversity jurisdiction under 28 U.S.C. §1332. Section 1332 requires not only diversity of citizenship but that the matter in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. §1332. Here, Defendant merely asserts that there is diversity of citizenship between the parties (See Defendant's Motion to Amend Notice and Petition and Opposition to Motion to Remand). Defendant, who bears the burden of establishing all the requisites for removal, does not assert that the minimum amount in controversy requirement has been met. Moreover, it has long been accepted that a court decides the amount in controversy from the face of the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961). From a review of the Complaint in this case, it is evident that Plaintiff has not asserted the threshold minimum requirement of $75,000.

**II. The assertion of diversity jurisdiction does not rectify a fundamental error in Defendant's Petition for Removal**

Even if an Amendment to Defendant's Petition is granted by the Court, 28 U.S.C. §1332 does not provide a legal basis for removal of Plaintiff's claim to federal court. Under the circumstances of this case, Defendant is specifically precluded from removing the case to federal court by 28 U.S.C. §1441(b).

As Plaintiff pointed out in his Motion to Remand to State Court and For Attorney Fees and his accompanying Memorandum of Law (filed on December 14, 2006 and incorporated into this Reply Memorandum in all relevant respects), 28 U.S.C. §1441(b) allows removal of a civil action from state court to federal court "only if none of the parties in interest . . . . is a citizen of the state in which such action is brought." Because Defendant is a resident of Rhode Island and the suit was brought in Rhode Island, Defendant is prohibited from removing the action to federal court. Consequently, Defendant's asserted new basis for removal (diversity jurisdiction) does not affect the ultimate disposition of the Petition.

**III. Plaintiff is prejudiced by continued federal court litigation**

The First Circuit has recognized that as a policy matter, the determination of whether a federal or state court should hear a case should be made "with relative dispatch so that the parties may proceed to resolution of the dispute's merits." *Coventry Sewage Assoc. v. Dworkin Realty Co.*, 71 F.3d 1 (1st Cir. 1995) (citing *Pratt Central Pk. Ltd v. Dames & Moore, Inc.*, 60 F.3d 350, 352 (7th Cir. 1995). Here, Defendant seeks to assert diversity of citizenship through a Motion to Amend the Petition for Removal and bases the Opposition to Plaintiff's Motion to Remand exclusively on federal diversity jurisdiction. Should this Court accept the Amendment, it would merely prolong the ultimate disposition of Plaintiff's Motion to Remand. As set forth in the preceding

section, the amendment has no substantive effect on the ultimate resolution of the Motion to Remand. This Court is urged to forthwith grant Plaintiff's Motion to Remand so that Plaintiff can return to state court and gain recovery of his artwork. At risk for Plaintiff is the continued deprivation of what is rightfully his.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Remand to State Court and For Attorney Fees pursuant to 28 U.S.C. §1446 and §1447©.

Respectfully submitted,

Plaintiff Braddy Romero
By his attorney,

/s/Martin I. Flax
Martin I. Flax, Esq. (#5486)
4 Kings Court
Dedham, MA 02026
Phone: (781) 329-4850
Fax: (781) 329-1880
E-Mail: flaxlaw@comcast.net

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on January 5, 2007 and is available for viewing and downloading from the ECF system. Notice will be sent via the ECF system to Kevin Brill, Esq.

*/s/ Martin I. Flax*

Martin I. Flax