UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BILLY "BRADDY" ROMERO RICALDE, )<br>)<br>)<br>*Plaintiff*, )<br>vs. )<br>)<br>JESSIE KENDALL, )<br>*Defendant*. ) | C.A. No 06 520T<br>*(R.I. Superior Court*<br>*C.A.* No. NC06-504) |

------------------------------------------------------

**<u>MOTION FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. §1447(c)</u>**

Plaintiff Braddy Romero, by and through his attorney, Martin I. Flax, hereby moves the Court to grant Plaintiff attorney's fees in the above-captioned matter, and states the following:

1. On January10, 2007, Plaintiff received notice from this Court that it had granted Plaintiff's Motion to Remand to the Newport County Superior Court of Rhode Island the matter of *Billy Braddy Romero Ricalde v. Jessie Kendall*, C.A. No. NC06-0504.

2. In its Order of January 9, 2007, this Court found no federal jurisdiction in this case; that Defendant was a citizen of Rhode Island and, therefore, not entitled to removal under 28 U.S.C. §1441(b); and that Defendant waived her right to remove by asserting counterclaims in the state action.

3. Pursuant to 28 U.S.C. §1447(c), where a federal district court grants a motion to remand a case back to state court, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

4. Under the standard set forth by the U.S. Supreme Court, when a defendant lacks an objectively reasonable basis for seeking removal, attorney fees are warranted.

5. As will be more fully explained in the attached Memorandum of Law, there was no objectively reasonable basis for Defendant to seek removal in this case. This Court accepted all of Plaintiff's arguments that federal removal was unjustified.

6. Attorney fees are warranted to compensate Plaintiff for the unnecessary delay and costs of responding to Defendant, including Defendant's Opposition to Plaintiff's Motion to Remand and Defendant's futile attempt to Amend the Petition to Remove. It would be unfair to require Plaintiff to bear the burden of these expenses.

7. This Court has the discretion to award attorney fees to Plaintiff and it should rightly do so based on the equities of the case and in furtherance of the objectives of 28 U.S.C. §1447(c), whose purpose is to ensure that removal motions are made after adequate research and with a colorable claim of legitimacy-- not for the purpose of strong-arming a plaintiff.

Based on the foregoing and the attached Memorandum of Law, Plaintiff requests that this Court exercise its discretion to grant him attorney fees in accordance with the Affidavit of Attorney Martin I. Flax filed herewith.

Respectfully submitted,

Plaintiff Braddy Romero
By his attorney,
/s/Martin I. Flax

Martin I. Flax, Esq. (#5486)
4 Kings Court
Dedham, MA 02026
Phone: (781) 329-4850
Fax: (781) 329-1880)
E-Mail: Flaxlaw@comcast.net

CERTIFICATION OF SERVICE

I hereby certify that this document was filed electronically and is available for viewing and downloading from the ECF system and was sent to the following ECF participant:

Kevin M Brill, Esq.
211 Angell St.
Providence, R.I. 02906-2563.

Dated: January 19, 2007

_/s/ Martin I. Flax
Martin I. Flax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BILLY "BRADDY" ROMERO RICALDE, )
)
)
*Plaintiff*, )
vs. )
)
JESSIE KENDALL, )
*Defendant*. )
-------------------------------------------------------

C.A. No 06 520T
*(R.I. Superior Court*
*C.A.* No. NC06-504)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. §1447(c)**

## I. INTRODUCTION

In an order dated January 9, 2007, this Court granted Plaintiff's Motion to Remand the civil action *Billy Braddy Romero Ricalde v. Jessie Kendall*, C.A. No. NC06-0504 to the Newport County Superior Court of Rhode Island. Plaintiff's Motion to Remand requests an award of attorney fees and other costs of contesting Defendant's Petition for Removal. Having prevailed on his Motion, Plaintiff hereby petitions this Court to award Plaintiff attorney's fees pursuant to 28 U.S.C. §1447(c) on the ground that Defendant lacked an objectively reasonable basis for requesting removal.

## II. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND OTHER COSTS OF OPPOSING DEFENDANT'S REMOVAL PETITION

### A. There Was No Objectively Reasonable Basis for Defendant's Assertion of Federal Jurisdiction

Pursuant to §1447(c), where a district court grants a motion to remand a case back to state court, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In the recent case of *Martin v. Franklin Capital Corp*, 126 S. Ct. 704, 546 U.S. 132 (2005), the Supreme Court set out the standard by which a federal court may consider an award of attorney's fees for an unsuccessful Petition to Remove. In balancing the need to deter unwarranted removals with the need to afford defendants a right to remove as a general matter, the Court determined that the "reasonableness" of removal was the touchstone when deciding whether to award attorney's fees. According to the Court, where a defendant lacks "an objectively reasonable basis for seeking removal," attorney fees are warranted. *See* 126 S. Ct. at 711.

Here, Defendant petitioned this Court for removal asserting that Plaintiff's action, filed in Rhode Island Superior Court, was "one of which this Court has original jurisdiction, pursuant to the provisions of 28 U.S.C. §1331, and is one which may be removed to this Court by the defendant, pursuant to the provisions of 28 U.S.C. §1441(a)-(d). *See* Petition for Removal, filed November 29, 2006, Par. 3.

As was made evident in Plaintiff's Motion for Remand, there are three primary reasons to find that Defendant had no objectively reasonable basis to remove this action to federal court. First, as this Court agreed, it did not have original jurisdiction over the action under 28 U.S.C. §1331. According to that provision, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." From the face of Plaintiff's Complaint, it was evident to the Court that

there were no issues of federal law raised. Thus, Defendant could not reasonably assert federal jurisdiction under that section of the U.S. Code.

Additionally, after Plaintiff's attorney pointed out to the Court and to the Defendant that 28 U.S.C. §1331 was inapplicable to the facts of the case, Defendant responded by filing a Motion to Amend and changing the alleged grounds to 28 U.S.C. §1332. This Amendment required further response and the expenditure of additional time by Plaintiff's attorney.

Second, Defendant could not reasonably assert federal jurisdiction of the matter under 28 U.S.C. §1441 because that section includes a proscription against federal court removal where defendant is a resident of the forum state. That proscription is clearly and unambiguously expressed in 28 U.S.C. §1441(b).

Third, this Court agreed with Plaintiff that Defendant had waived her right to removal at the outset of the case --when Defendant asserted Counterclaims against Plaintiff in the state court action.

Based on these obvious legal flaws, Plaintiff submits to this Court that Defendant lacked an objectively reasonable basis for seeking removal. All the statutes relied upon by Defendant as support for the Petition for Removal are clear on their face and leave no doubt that they did not support the Petition.

**B. The Award of Attorney's Fees is Justified where Plaintiff Incurred Unnecessary Delay and Costs**

The Supreme Court in *Martin* underscored the negative impact on the judicial process of a defendant's abuse of the removal mechanism. It remarked that the "process of removing a case to federal court and then having it remanded back to state court delays

resolution of the case, imposes additional costs on both parties, and wastes judicial resources." The Court further emphasized that "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." 126 S. Ct. at 711.

The delay in litigation caused by Defendant's removal petition is especially egregious in this case. Defendant is well aware that Plaintiff, a Peruvian citizen who had not traveled even as far as Lima before his trip to the U.S. in 2003, is at a disadvantage as a litigant in this lawsuit. Defendant also knows that Plaintiff is an artist with limited resources available to fight a lengthy lawsuit. If attorney's fees are not granted, Plaintiff will unfairly bear the expense of this unnecessary and specious litigation tactic.

An artist's reputation is made through exhibition and sale of artwork. An artist's standing and assessment by the art community cannot be formed without public exposure through exhibits and juried shows. As Defendant must be aware, causing delay in this case uniquely harms Plaintiff. As long as Defendant retains unlawful possession of Plaintiff's inventory of artwork, Plaintiff loses opportunities to sell his work and the momentum of his career is severely impeded. Defendant's attempt to remove this action prolonged and unnecessarily complicated resolution of the dispute and clearly illustrates the type of harm that 28 U.S.C. §1447(c) was intended to prevent.

**CONCLUSION**

Granting Plaintiff attorney's fees and the just costs of defending this Removal Petition is well within the Court's discretion under §1447(c) and would properly compensate Plaintiff for the time and resources expended in remedying Defendant's improper removal. Accordingly, and for the reasons discussed herein, Plaintiff

respectfully requests that his Motion be allowed and that Defendant be ordered to pay the amounts set forth and supported in the accompanying Affidavit of Attorney Martin I. Flax.

Respectfully submitted,

Plaintiff Braddy Romero
By his attorney,

_/s/Martin I. Flax______
Martin I. Flax, Esq. (#5486)
4 Kings Court
Dedham, MA 02026
Phone: (781) 329-4850
Fax: (781) 329-1880)
E-Mail: Flaxlaw@comcast.net

CERTIFICATION OF SERVICE

I hereby certify that this document was filed electronically and is available for viewing and downloading from the ECF system and was sent to the following ECF participant:

Kevin M Brill, Esq.
211 Angell St.
Providence, R.I. 02906-2563.

Dated: January 19, 2007

_/s/ Martin I. Flax
Martin I. Flax