UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BILLY "Braddy" ROMERO RICALDE,<br>*Plaintiff,*<br>vs.<br>JESSIE KENDALL,<br>*Defendant.* | C.A. No. 06-520 T |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Now comes Defendant and hereby objects to Plaintiff's motion for attorney's fees (Docket #10). In support thereof, Defendant relies on its memorandum of law, attached hereto and incorporated herein.

Defendant,
By her attorney,

*/s/ Kevin Brill*

Kevin M. Brill, Esq. (#3084)
211 Angell Street
Providence, RI 02906
Phone: (401) 578-1787
Fax: (401) 272-9937
Email: kbrillesq@hotmail.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court and is available for viewing and downloading from the ECF system.

*/s/ Kevin Brill*
Kevin Brill, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BILLY "Braddy" ROMERO RICALDE,<br>*Plaintiff,*<br>vs.<br>JESSIE KENDALL,<br>*Defendant.* | C.A. No. 06-520 T |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

## I. PROCEDURAL BACKGROUND

Plaintiff filed suit in Newport Superior Court seeking damages under both tort and contractual legal theories. Plaintiff is a resident of Peru and Defendant is a resident of Newport, Rhode Island.

The issue in dispute involves, in large part, Plaintiff's artwork which he claims has a value of over $80,000.00. Plaintiff also claims emotional distress damages.

Since the parties are not residents of the same state, and the amount in controversy is sufficient to establish jurisdiction in this court, Defendant removed the matter to federal court. Unfortunately, Defendant made a typographical error and stated the wrong statute for removal, although the civil cover sheet clearly stated diversity as the reason for removal.

Plaintiff moved to remand the case due to the error and the court granted the motion after denying Defendant's request to amend the removal pleadings.

## II. THE FEE REQUEST MUST BE DENIED OR REDUCED

### A. An Objective Basis for Removal Existed.

Harvard Real Estate-Allston, Inc. v. Kmart Corp., 407 F. Supp. 2d 317 (D. Mass. 2005) discusses the availability of attorneys fees in the context of a granted remand following a removal.

The Court relied on a Supreme Court ruling in 2005 which holds that "absent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp. 126 S. Ct. 704, 711 (2005).

An objective basis did exist for removal. It is true that the removal petition and notice improperly cited section 1331 rather than 1332 as the basis for removal. Therefore, the Court, relying on that citation, concluded that original jurisdiction formed no basis for removal. However, that does not resolve the Supreme Court required inquiry as to whether an objective basis existed for removal.

Objectively viewing the pleadings, diversity was a basis for removal. The Plaintiff is a citizen of a foreign country. Defendant resides in Rhode Island. Plaintiff's own documents reveals that the art work in question exceeds $75,000 of value, and in addition, Plaintiff claims emotional distress damages.

While Defendant erred in her notice and petition, her intention cannot be doubted. The civil cover sheet does provide diversity as the basis for the removal papers. The fact of the counterclaim does not destroy diversity as a basis for removal. Fed. R. Civ. P. 13(a) permits the filing of compulsory counterclaims where the counterclaim in intertwined with the facts of the

complaint. Here, Plaintiff alleges that Defendant obtained his artwork through underhanded methods and refused to release the artwork when requested. Defendant uses the same background to file a claim regarding the money she gave to Plaintiff under false pretenses.

Defendant did not raise the counterclaim to create jurisdiction; she raised it under Rule 13 as compulsory.

Again, under the typographically incorrect and improvidently raised section 1331, the counterclaim does not support a removal petition. However, under the intended diversity basis, the counterclaim is not fatal to the attempt.

While Defendant recognizes the impact the incorrect citation of 1331 rather than 1332 and the fatal result of that typographical error, that does not mean there was no objective basis for removal. Further, it is certainly inequitable and arguably Draconian, for Defendant to suffer an exorbitant fee award on that basis.

**B. Plaintiff Has Not Supported the Fee Request.**

The notice of removal and petition in this case are a few scant pages. The claimed basis for removal is a brief few sentences. The inapplicability of the statute to the facts was patent and obvious. In response to this very pedestrian and clear legal issue, Plaintiff requests fees exceeding $7,000.00. The more than 22 hours sought is excessive, ill-supported and must be denied.

The initial line of inquiry is whether the claimed fee is fair and reasonable. Other than an affidavit of Mr. Flax, which, by definition is self-serving, there is no objective basis by which the court can conclude that the fee sought is fair and reasonable.

The Court must also determine whether contemporaneous business records support the hourly fee. Here, we do not have any background by which to determine the veracity of the

claimed fees. Plaintiff has filed only a conclusory bill stating hours spent on the case. There is no way for the Court to determine if those hours are made and kept in the ordinary course of business. The affidavit of Mr. Flax is silent on that point. Therefore, the claimed fee must be rejected.

The Court must also take into account what the fee arrangement is between Plaintiff and counsel in determining the appropriate nature *vel non* of the fee request. It is not enough for counsel to assert that a fee, and the hourly basis for the fee, is reasonable. If the fee agreement between Plaintiff and Defendant contains different term, that is a reasonable fact for the court to know.

Further, the bulk of the reported hours are from Cheryl Flax-Davidson. It is unclear where she practices law. Although Mr. Flax states that she is an attorney in good standing in Massachusetts, the attached print out (*Exhibit A*) from the Massachusetts Board of Bar Overseers indicates that she is apparently inactive in Massachusetts with an office in Washington, D.C. It is unclear where she did her work or who supervised her in the course of her work.

In any event, given the nature of the legal issues, the Court can reach a determination that, the work she did was excessive, or unreasonable, or should be paid at an hourly rate well below that of Mr. Flax, who remains the only attorney with an appearance entered in this case.

The Court in Harvard Real Estate-Allston, Inc. v. Kmart Corp., 407 F. Supp. 2d 317 (D. Mass. 2005) exercised its discretion in reducing a patently excessive fee petition. Certainly, under these circumstances, the more than 20 hours allegedly spent and the more than $7,000 sought is excessive and must be reduced considerably.

## III. CONCLUSION

For the reasons stated above, the fee petition must be reduced or denied in its entirety.

Defendant,
By her attorney,

*/s/ Kevin Brill*

Kevin M. Brill, Esq. (#3084)
211 Angell Street
Providence, RI 02906
Phone: (401) 578-1787
Fax: (401) 272-9937
Email: kbrillesq@hotmail.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court and is available for viewing and downloading from the ECF system.

*/s/ Kevin Brill*

Kevin Brill, Esq.