UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BILLY "BRADDY" ROMERO RICALDE, )<br>)<br>)<br>*Plaintiff*, )<br>vs. )<br>)<br>JESSIE KENDALL, )<br>*Defendant*. ) | C.A. No 06 520T<br>*(R.I. Superior Court*<br>*C.A.* No. NC06-504) |

------------------------------------------------------

<u>REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. §1447(c)</u>

## I. Background

On January10, 2007, Plaintiff received notice from this Court that it had granted Plaintiff's Motion to Remand to the Newport County Superior Court of Rhode Island the matter of *Billy Braddy Romero Ricalde v. Jessie Kendall*, C.A. No. NC06-0504. In its Order of January 9, 2007, this Court found no federal jurisdiction in this case; that Defendant was a citizen of Rhode Island and, therefore, not entitled to removal under 28 U.S.C. §1441(b); and that Defendant waived her right to remove by asserting counterclaims in the state action. The Court also permitted Plaintiff to file a Motion for Attorney's Fees. Under the standard set forth by the U.S. Supreme Court, when a defendant lacks an objectively reasonable basis for seeking removal to federal court, attorney fees are warranted.

Defendant filed an Opposition to Plaintiff's Motion for Attorney Fees on January 26, 2007.

**II. There Was No Objectively Reasonable Basis for Removal**

Defendant has asserted there was a reasonable basis for her Motion to Remove to federal court. However, this Court accepted all of Plaintiff's arguments that federal removal was unjustified. Significantly, 28 U.S.C. §1441(b) precludes removal in the circumstances where a plaintiff sues defendant in his or her forum state. Defendant's argument that diversity is a legitimate basis for removal in view of this clear proscription is in error.

Plaintiff also notes that Defendant's characterization of Plaintiff's claim is mistaken as well. On page 3 of Defendant's Opposition to Plaintiff's Request for Attorney's Fees, Defendant states that Plaintiff is claiming that Defendant "obtained his artwork through underhanded methods." This is not the claim at all; the crux of the case involves Defendant's unlawful and unauthorized *retention* of Plaintiff's artwork.

**III. Plaintiff's Fee Request is Reasonable and Adequately Supported**

Defendant asserts her removal petition was "a scant few pages" and "the inapplicability of the statute to the facts was patent and obvious." *See* Defendant's Opposition, p.3. Plaintiff's attorney had an obligation to respond to all issues presented or implicated by Defendant's own Petition. Plaintiff's attorney conducted research on these issues in a thorough fashion motivated only by the desire to provide competent and professional advocacy. Plaintiff's attorney gave Defendant's Petition to Remove the serious attention that it deserved, and Defendant can hardly complain that Plaintiff's attorney should not have responded in such depth, length, or with such care. Because Defendant's "litigation strategy" required Plaintiff's counsel to file a Motion to Remand,

a Memorandum Law, and a Reply Memorandum, it would be inequitable for Plaintiff to bear the cost of the Remand.

Additionally, Plaintiff's attorney has submitted an Affidavit attesting to his qualifications and the qualifications of Cheryl Flax-Davidson, an attorney who performed the majority of the legal research and writing in this case. Ms. Flax-Davidson's work was done at the direction of Attorney Flax and under his supervision. Attorney Flax reviewed and edited all documents prior to filing with this Court. Ms. Flax-Davidson has extensive legal research and writing experience. Between 1993 and 2001, she wrote five amicus curiae briefs for submission to the U.S. Supreme Court as either Counsel of Record or as Co-Counsel of Record on behalf of the Association of Trial Lawyers of America (ATLA) and other clients. She worked with the General Counsel's Office of the Association of Trial Lawyers of America from 1990 to 1999 and has been a free-lance legal writer for various legal publications since then. She's been a member of the U.S. Supreme Court Bar since 1992 and the First Circuit Court of Appeals Bar since 1980. She is currently a member in good standing of the state bar of New York. She is also a member of the Florida and Massachusetts bars (inactive).

The hourly rate requested by Plaintiff's attorneys is not unreasonable given the customary hourly fees charged by attorneys doing federal court work in Boston and Washington, D.C.

Exhibit A, included with the Plaintiff's Motion for Attorney's Fees, adequately and in detail sets forth the legal work done for Plaintiff. This Exhibit was compiled from the time records that both Attorney Flax and Attorney Flax-Davidson keep as part of their

daily records of work performed. This document is an accurate reflection of the work performed in the case.

**Conclusion**

Based on the foregoing, Plaintiff respectfully requests that this Court grant his Motion for Attorney's Fees in the amount requested.

Respectfully submitted,

Plaintiff Braddy Romero
By his attorney,

/s/Martin I. Flax
Martin I. Flax, Esq. (#5486)
4 Kings Court
Dedham, MA 02026
Phone: (781) 329-4850
Fax: (781) 329-1880)
E-Mail: Flaxlaw@comcast.net

CERTIFICATION OF SERVICE

I hereby certify that this document was filed electronically and is available for viewing and downloading from the ECF system and was sent to the following ECF participant:

Kevin M Brill, Esq.
211 Angell St.
Providence, R.I. 02906-2563.

Dated: February 5, 2007

_/s/ Martin I. Flax
Martin I. Flax